UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WENDY T.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

CASE NO. 20-1439-BAT

**ORDER REVERSING THE COMMISSIONER'S DECISION**

Plaintiff appeals the denial of her applications for Supplemental Security Income and Disability Insurance Benefits. She contends the ALJ erroneously assessed medical opinions and discounted her testimony. Dkt. 17 at 1. For the reasons below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff is currently 54 years old; she graduated from technical school after completing high school, and previously worked as a restaurant manager, customer service representative, and payroll clerk. Tr. 80-82, 260-61. In June 2018, she applied for benefits, alleging disability as of March 23, 2015. Tr. 213-19, 223-29. Her applications were denied initially and on reconsideration. Tr. 126-32, 134-40, 195-202. The ALJ conducted a hearing in October 2019

ORDER REVERSING THE COMMISSIONER'S DECISION - 1

(Tr. 54-90), and subsequently found Plaintiff not disabled. Tr. 31-46. As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. Tr. 1-7.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one:** Plaintiff had not engaged in substantial gainful activity since the alleged onset date.

**Step two:** Plaintiff had the following severe impairments: mild degenerative disc disease, obesity, depression, anxiety, post-traumatic stress disorder, and alcohol abuse.

**Step three:** These impairments did not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity:** Plaintiff can perform light work with additional limitations: she can frequently climb ramps or stairs, and occasionally climb ladders, ropes, or scaffolds. She can frequently balance, stoop, kneel, crouch, and crawl. She should avoid concentrated exposure to excessive vibration. She should not work at unprotected heights. She can perform simple, routine tasks, in a routine work environment with simple work-related decisions. She can have superficial interaction with co-workers (no joint tasks, supervising other employees, or complex problem solving) and incidental interaction with the public (interaction not a part of job duties).

**Step four:** Plaintiff could not perform her past work.

**Step five:** As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, she is not disabled.

Tr. 31-46.

## DISCUSSION

**A. Plaintiff's Testimony**

The ALJ discounted Plaintiff's testimony on the grounds (1) Plaintiff's treatment for her physical conditions "has been minimal and entirely conservative" and many examinations

---

[1] 20 C.F.R. §§ 404.1520, 416.920.

[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.

ORDER REVERSING THE COMMISSIONER'S DECISION - 2

demonstrated normal physical functioning, (2) Plaintiff continued to drink alcohol against medical advice, and (3) Plaintiff's mental symptoms improved with treatment and medication. Tr. 38-40. Plaintiff argues the ALJ erred by failing to provide clear and convincing reasons to discount her testimony. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

### 1. Plaintiff's testimony about physical limitations

Plaintiff challenges the ALJ's first reason arguing physical therapy, steroid injections, and prescription pain medications do not constitute "conservative" treatment. Dkt. 17 at 18. However, the Court cannot say the ALJ's finding is unreasonable because the Ninth Circuit has found these types of treatments to be conservative. *See, e.g.*, *Tommasetti v. Astrue*, 533 F.3d 1035, 1039-40 (9th Cir. 2008) ("The record reflects that Tommasetti responded favorably to conservative treatment including physical therapy and the use of anti-inflammatory medication, a transcutaneous electrical nerve stimulation unit, and a lumbosacral corset. Such a response to conservative treatment undermines Tommasetti's reports regarding the disabling nature of his pain."); *Randall v. Saul*, __ Fed. Appx. __, 2021 WL 531546, at *2 (9th Cir. Feb. 12, 2021) (finding medication to be a conservative treatment measure); *Edginton v. Colvin*, 625 Fed. Appx. 334, 336 (9th Cir. Sep. 1, 2015) (affirming an ALJ's discounting of a claimant's testimony based on "conservative" treatment, including medications and an electronic transcutaneous electrical nerve stimulation unit).

Also, even if the ALJ erred in characterizing Plaintiff's treatment as conservative, Plaintiff has not shown the ALJ erred in finding her symptoms improved with the treatment, which is an independent reason to discount her allegations of disabling limitations. *See Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 599-600 (9th Cir. 1999). Although Plaintiff argues her improvement was minimal or short-lived (Dkt. 17 at 17), the record shows she

reported to her providers her symptoms improved with treatment. *See, e.g.*, Tr. 457, 473, 550, 593, 595-96, 741, 743, 747, 803-805. Plaintiff emphasizes a short course of physical therapy increased rather than decreased her pain levels (Dkt. 19 at 8) but does not mention her providers nonetheless continued to recommend that she restart physical therapy. *See, e.g.*, Tr. 805.

Moreover, Plaintiff has not shown the ALJ erred in relying on Plaintiff's normal testing as evidence that contradicts her allegations. The ALJ pointed to multiple examinations showing normal gait, posture, distal pulses, reflexes, coordination, sensation, muscle strength and tone, and other normal abilities and/or lack of abnormality. *See* Tr. 39. The ALJ acknowledged on occasion Plaintiff did have some symptoms and/or abnormalities (*id*.), but explained, as discussed herein, that Plaintiff's condition improved with treatment, and Plaintiff has not shown the ALJ erred in considering the medical record in discounting her allegations. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects.").

Even if, as Plaintiff contends (Dkt. 17 at 17-18), the ALJ erred in relying on sporadic physical activities as evidence contradicting her allegations, this error is harmless in light of the ALJ's other valid reasons to discount Plaintiff's allegations of disabling physical limitations. *See Carmickle v. Comm'r of Social Sec. Admin.*, 553 F.3d 1155, 1162-63 (9th Cir. 2008).

    **2.**     **Plaintiff's alcohol use**

Plaintiff provides no challenge to the ALJ's finding that her use of alcohol against medical advice undermined her allegations. *See* Tr. 39 (citing Tr. 376, 445, 450, 453). Although the Commissioner does not explicitly defend this line of reasoning, either, Plaintiff has the

burden of showing the ALJ harmfully erred and has failed to do so by presenting no argument. *See* Dkt. 18 at 9-13. The Court accordingly will not disturb the ALJ's determination in this regard.

### 3. Plaintiff's mental symptoms

The ALJ cited many normal mental findings, along with evidence that Plaintiff's symptoms improved with medication and that she only intermittently engaged in therapy, as evidence undermining Plaintiff's allegation of disabling mental limitations. Tr. 39-40. Plaintiff's opening brief provides no challenge to this line of reasoning, and it lends support to the ALJ's assessment of Plaintiff's subjective testimony. Because the ALJ provided several valid reasons, some of which are unchallenged, to discount Plaintiff's subjective testimony, the Court does not disturb this portion of the ALJ's decision.

## B. Medical opinion evidence

Plaintiff's treating provider Elizabeth Gaylord, N.D., ARNP, completed a DSHS form opinion in May 2018 describing Plaintiff's physical symptoms and limitations, ultimately opining Plaintiff is "severely limited" and unable to perform even a sedentary job. Tr. 650-54. The ALJ found this opinion not persuasive (Tr. 44); Plaintiff argues the ALJ erred by failing to provide a legally sufficient explanation to support this finding.

### 1. Applicable legal standards

The regulations effective March 27, 2017, 20 C.F.R. §§ 404.1520c(c), 416.920c(c), require the ALJ to articulate how persuasive the ALJ finds medical opinions and to explain how the ALJ considered the supportability and consistency factors. 20 C.F.R. §§ 404.1520c(a)-(b), 416.920c(a)-(b). The regulations require an ALJ to specifically account for the legitimate factors of supportability and consistency in addressing the persuasiveness of a medical opinion. Thus,

the regulations require the ALJ to provide specific and legitimate reasons to reject a doctor's opinions. *See, e.g.*, *Kathleen G. v. Comm'r of Social Sec.*, No. C20-461 RSM, 2020 WL 6581012, at *3 (W.D. Wash. Nov. 10, 2020) (finding that the new regulations do not clearly supersede the "specific and legitimate" standard because the "specific and legitimate" standard refers not to how an ALJ should weigh or evaluate opinions, but rather the standard by which the Court evaluates whether the ALJ has reasonably articulated his or her consideration of the evidence).

Further, the Court must continue to consider whether the ALJ's analysis is supported by substantial evidence. See Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5852 (January 18, 2017) ("Courts reviewing claims under our current rules have focused more on whether we sufficiently articulated the weight we gave treating source opinions, rather than on whether substantial evidence supports our final decision … [T]hese courts, in reviewing final agency decisions, are reweighing evidence instead of applying the substantial evidence standard of review, which is intended to be highly deferential standard to us.").

**2.     Dr. Gaylord's opinion**

The ALJ found Dr. Gaylord's opinion was (1) unsupported because she cited examination findings, such as decreased range of motion and pain on sitting and standing, but these findings did not support her conclusions; and (2) inconsistent with the record that showed some normal findings and some abnormal findings, which suggested Plaintiff would be capable of performing light work. Tr. 44. The ALJ's reasoning amounts to a summary of medical evidence, without explaining how or why that evidence either fails to support or is inconsistent with Dr. Gaylord's conclusions. Simply reciting evidence does not explain why Dr. Gaylord's opinion is not persuasive, or why the ALJ's conclusions are correct. The ALJ's reasoning is

therefore insufficient.  *See Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (explaining that rather than merely stating his conclusions, the ALJ "must set forth his own interpretations and explain why they, rather than the doctors', are correct" (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988))).

Plaintiff has not shown that the ALJ was required to recontact Dr. Gaylord for clarification, or that the State agency opinions were not persuasive simply because the consultants did not have access to the entire record.  *See* Dkt. 17 at 12-15.  But because the ALJ failed to provide an adequate explanation of why she found Dr. Gaylord's opinion to be unpersuasive, the ALJ must reconsider this opinion on remand.[3]

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

On remand, the ALJ shall reassess Dr. Gaylord's opinion, develop the record and redetermine the RFC as needed, and proceed to the remaining steps as appropriate.

DATED this 18th day of May 2021.

BRIAN A. TSUCHIDA
United States Magistrate Judge

---

[3] Although Plaintiff requests, in the alternative, a remand for a finding of disability (Dkt. 17 at 1), Plaintiff makes no attempt to show that this extraordinary remedy would be appropriate here. *See Leon v. Berryhill*, 880 F.3d 1044, 1045 (9th Cir. 2017) ("An automatic award of benefits in a disability benefits case is a rare and prophylactic exception to the well-established ordinary remand rule.").  Thus, the Court orders that this case be remanded for further administrative proceedings.